RECEIVED
MAY 1 1 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

Roy L. Green
Petitioner's Name

VS.

Winn Correctional Center
Respondent (person having custody of petitioner)

# 238081
Prisoner Number

970197
State Court Docket Number

5:09CV0776 Sec P

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

1. The name and address of your present place of confinement:
WINN CORRECTIONAL CENTER P.O. BOX 1260 WINNFIELD LA 71483-1260

2. Are you presently in custody pursuant to the conviction(s) or sentence that you seek to challenge here?
Yes ✓   No ___

3. With regard to the conviction(s) or sentence you are attacking state:
   a. The name, address, and parish of the court entering the judgment of conviction:
   THE Eleventh Judicial District Court, State of Louisiana Parish of DeSoto
   b. The date of judgment of conviction: September 15 and 16, 1997
   c. The length of your sentence: 40 years
   d. The nature of each offense you were convicted of: _____
   e. Whether you were convicted of each offense following a plea of:
      i. Not guilty _____
      ii. Guilty _____
      iii. Nolo contendere _____
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____
   f. If you pleaded not guilty, what kind of trial did you have? (check one)
      i. Jury ✓   ii. Judge only _____

1.

g. Did you testify at trial?

Yes ✓   No ____

4. **Statute of Limitations**

28 U.S.C. § 2244(d) establishes a 1 year statute of limitations for an application for a writ of habeas corpus. Is this application barred by this 1-year period of limitation?  YES ____  NO ✓
If not, state why not? BECAUSE THIS IS FIRST APPLICATION

5. **Grounds for Present Petition**

State <u>concisely</u> each and every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach pages stating additional grounds and facts supporting same.

WARNING: Absent exceptional circumstances, if you fail to set forth all grounds in this petition, you will be barred from presenting additional grounds at a later date. See 28 U.S.C. § 2244.

a. Ground one: CONFLICTING TESTIMONIES AMONG POLICE OFFICERS, STATE WITNESSES AND VICTIM.

Supporting FACTS (state briefly without citing cases or law) DURING THE PROCESS OF TRIAL THE VICTIM TESTIFY THAT THE JACKET WAS ONE COLOR AND POLICE OFFICER TESTIFIED ANOTHER COLOR. ALSO POLICE OFFICER TESTIFIED TO GRASS SEEDS FIND ON THE DEFENDANT CLOTHING BUT NO CLOTHING WERE PRESENTED IN TRIAL OR ADMITTED INTO EVIDENCE. IT IS UNCLEAR AS TO HOW MANY BEERS THE VICTIM HAD THAT NIGHT AND STATE WITNESS TESTIFIED SHE HAD SEVERAL BEERS, POSSIBLY ENOUGH TO MIS-IDENTIFY THE DEFENDANT HAS HER ASSAILANT. THE TESTIMONIES OF THESE SAID WITNESS IS CONFLICTING TO ESTABLISH WHAT REALLY HAPPEN.

b. Ground two: NO DNA TEST RESULTS PRESENTED OR ADMITTED INTO EVIDENCE NO SPERM FOUND. WITHOUT EVIDENCE OF DNA OR SPERM IT IS IMPOSSIBLE TO PROVE BEYOND A REASONABLE DOUBT A RAPE OCCURRED.

Supporting FACTS (state briefly without citing cases or law) THE LAB REPORT PRESENTED COULD NOT SHOW THAT THE DEFENDANT WAS THE PERSON WHO COMMITTED THIS RAPE - DNA IS 99½ PERCENT ACCURATE, BUT IN THIS CASE THERE WAS NOTHING. SECONDLY THERE NO SPERM FOUND ANYWHERE ON THE VICTIM, INSIDE THE VICTIM, ON VICTIM PANTIES OR THE DEFENDANT UNDERWEAR. STATE SIMPLY FAILED TO PROVE ONE OF THE MOST IMPORTANT AND ESSENTIAL ELEMENTS OF

2

RAPE. SEXUAL INTERCOURSE MUST OCCUR. NO DNA OR SPERM FOUND. NO CONVICTION. (Article 926.1)

c. Ground three: This conviction is unconstitutional and unjust in accordance with Law + Justice.

INEFFECTIVE ASSISTANCE OF COUNSEL. Public Defender W. Charles Brown Lack credentials in Representing Defendant in Rape Trial.

Supporting FACTS (state briefly without citing cases or law) During Trial Counsel Failed to Adequately Represent Defendant. Important Issues That called for objection was omitted. Impeaching Witness (Credibility and Believably) was not Addressed Appropridy by Defense Counsel. Counsel Attack was very weak and ineffective to Properly Bring out the Truth. Mr. Brown made no effort to obtain Justice for His client. He only did the Basic to make it Appear That He was Representing His client, but the Record Reflects otherwise.

d. Ground four: SENTENCE IS EXCESSIVE AND SERVES AS AN INJUSTICE TO THE DEFENDENT.

Supporting FACTS (state briefly without citing cases or law) The Maximum Sentence was impose upon The Defendent. The maximum is to be impose upon the Worst case of Rape. In light of the Circumstances and Lack of Evidence this Sentence is Extremely Harsh. This case was not the most serious of offenses and thus does not Warrant a Maximum Penalty. Therefore, the Defendant maintain that the sentence impose is Unjust, Unfair and Unconstitutional.

6. **Direct Appeals**

   a. Did you file a direct appeal from your judgment of conviction or sentence?
   Yes ✓   No ___

   b. If you did file a direct appeal, for you initial appeal, answer the following:
      i. The name and address of the court where you first appealed:
         SECOND CIRCUIT COURT OF APPEAL

      ii. The result of this appeal.
         DENIED WRIT.

      iii. The date of the decision. _____

      iv. The citation and/or docket number of the decision (if known). _____

3

v. The grounds raised in your present habeas petition that were raised in this direct appeal.
_____
_____
_____

c. If you sought review of your appeal by a higher court, answer the following:
   i. The name and address of the court where you next applied for review:
   _____
   _____

   ii. The result of this appeal.
   _____
   _____

   iii. The date of the decision. _____
   iv. The citation and/or docket number of the decision (if known).
   _____

   v. The grounds raised in your present habeas petition that were raised in this earlier application for review:
   _____
   _____
   _____

d. If you filed a petition for certiorari in the U.S. Supreme Court, please answer the following with respect to each such petition:
   i. The result _____
   ii. The date of the result _____
   iii. The citation and/or docket number (if known).
   _____

   iv. The grounds raised in your present habeas petition that were raised in this earlier appeal.
   _____
   _____
   _____

7. **Post-Conviction or other Collateral Review**
   a. Other than the direct appeals described above, have you previously filed any petitions, applications, or motions with respect to your judgment of conviction or sentence in the state court?
   Yes ✓   No _____

b. If so, give the following information with regard to the first petition, application, or motion you filed:
   i. The name and address of the court. SECOND CIRCUIT COURT OF APPEAL
   ii. The nature of the proceeding. APPLICATION FOR NEW TRIAL
   iii. The date it was filed. _____
   iv. The grounds raised in your present habeas petition that were raised. _____
   v. Did you receive an evidentiary hearing? Yes ___ No ___
   vi. The result. _____
   vii. Did you appeal or file an application for review to higher state courts having jurisdiction? Yes ✓ No ___
   viii. If not, briefly explain why you did not. _____
   ix. If so, name the court(s) to which you applied, the date of the final result in each court, and the result in each court: LOUISIANA SUPREME COURT

c. If you filed a second petition, application, or motion, give the following information with regard to that filing:
   i. The name and address of the court. _____
   ii. The nature of the proceeding. _____
   iii. The date it was filed. _____
   iv. The grounds raised in your present habeas petition that were raised. _____

5

vii. Did you appeal or file an application for review to higher state courts having jurisdiction?

Yes _____ No _____

viii. If not, briefly explain why you did not. _____

_____

ix. If so, name the court(s) to which you applied, the date of the final result in each court, and the result in each court: _____

_____
_____
_____
_____
_____
_____

8. **Exhaustion of State Remedies**

Generally, any ground that you seek to present here must have first been presented to the state courts. See 28 U.S.C. § 2254(b). Attach copies of previous petitions, applications, or motions filed with the state courts where you presented each of the grounds listed in Part 5. If any of the grounds listed in Part 5 above have not been previously presented to the highest state court that has the power to consider it, state briefly what grounds were not so presented, and give your reasons for not presenting them:

_____
_____
_____
_____
_____

9. **Prior Federal Habeas Petitions**

a. Have you filed any other petition in any federal court where you sought to attack the same conviction(s) or sentence you are challenging here? Yes _____ No _____

b. If so, give the following information:

i. The name and address of the court where it was filed. _____

_____

ii. The docket number. _____

iii. The grounds raised. _____

_____

6

10. **Other Pending Actions**

   a. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment you are attempting to attack here? Yes _____ No _____

   b. If so, please give the following information:

      i. The name and address of the court. _____

      ii. The docket number of the action. _____

      iii. The nature of the proceeding. _____

11. **Attorneys Representing Petitioner**

   Give the name and address of each attorney who represented you in the following stages of the judgment attacked herein:

   a. At the preliminary hearing. _____

   b. At the arraignment and plea. _____

   c. At trial. _____

   d. At sentencing. _____

   e. On appeal. _____

   f. In any post-conviction proceeding. _____

   g. On appeal from any adverse ruling in a post-conviction proceeding. _____

12. **Other Sentences**

   a. Where you sentenced for more than one offense in the same court and at the same time? Yes _____ No ✓

   b. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes _____ No ✓

   so, give the name and location of the court which imposed the sentence to be served in the future. _____

 ii. Give the date and length of the said sentence. _____

 iii. Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes _____ No _____

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

       *Pro' Se*
       _____
       Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on **4-28-09**
                 (date)

      *Roy Green*
      _____
      Signature of Petitioner

Form revised November 1997      8

DATE: 7/16/97

CERTIFIED REPORT
RS. 15:499-501

LAB NO. NW-43-97

NORTH LOUISIANA CRIMINALISTICS LABORATORY
1115 BROOKS ST. - SHREVEPORT, LA. 71101 - 227-2889
101 COTTON ST. - WEST MONROE, LA. 71291 - (318) 388-0338
726 WASHINGTON ST. ALEXANDRIA, LA. 71301 - (318) 442-0676

RAY HERD
SYSTEM DIRECTOR

DeSoto Sheriff's Office

P. O. Box 271
Mansfield, LA 71052

SHEILA GRANT
ROY GREEN

Parish:         DESOTO

Analyzed by: Michelle L. Gaines

Date Received: January 3, 1997

Examination
Requested:     RAPE
=================================================================

Evidence List:

Patrick Jones submitted to Linda Carmack on 1/3/97; 4:10 pm.
1.  One Victim Sexual Assault Evidence Collection Kit from Sheila Grant
    containing:
    A. One envelope containing one tube of blood with one DNA collection kit
       being made at the North Louisiana Crime Lab.
    B. One envelope containing a saliva sample.
    C. One envelope containing:
       1. Four vaginal swabs.
       2. One cardboard folder containing a vaginal smear slide.
    D. One envelope containing:
       1. One plastic tube containing vaginal washings.
       2. One cardboard folder containing a vaginal washing smear slide
    E. One envelope containing pubic hair combings.
    F. One envelope containing plucked pubic hair.
    G. One envelope containing plucked head hair.
    H. One envelope containing right hand fingernail scrapings.
    I. One envelope containing left hand fingernail scrapings.
    J. One envelope containing one plastic tube containing a
       vaginal pool sample.
2.  One white paper sack containing one pair of panties.
3.  One white paper sack containing clothing from victim.
4.  One white paper sack containing clothing from victim.
5.  One Suspect Sexual Assault Collection Kit from Roy Green
    containing:
    A. One plastic bag containing one tube of blood with one DNA collection
       kit being prepared at the North Louisiana Crime Lab.
    B. One plastic bag containing one saliva sample.
    C. One envelope containing pubic hair combings.
    D. One envelope containing plucked pubic hair.
    E. One envelope containing plucked head hair.
    F. One envelope containing right and left hand fingernail scrapings.
6.  One white paper sack containing underwear from suspect.
7.  One white paper sack containing clothing from suspect.
8.  One white paper sack containing clothing from suspect.

**CERTIFIED REPORT**

DATE: 7/16/97     RS. 15:499-501     LAB NO. NW-43-97

**NORTH LOUISIANA CRIMINALISTICS LABORATORY**
1115 BROOKS ST. · SHREVEPORT, LA. 71101 · 227-2889
101 COTTON ST. · WEST MONROE, LA. 71291 · (318) 388-0338
726 WASHINGTON ST. · ALEXANDRIA, LA. 71301 · (318) 442-0676

RAY HERD
SYSTEM DIRECTOR

REPORT: ANALYZED 4/9/97, 4/10/97, 5/1/97, 5/2/97, 5/7/97, 5/12/97, 5/14/97, 5/15/97, 5/16/97, 5/19/97, 5/21/97, 5/22/97, 5/23/97, 5/30/97, 6/6/97

THE REFERENCE BLOODS FROM SHEILA GRANT AND ROY GREEN, THE VAGINAL SWAB IN ITEM 1C, AND THE BLOODSTAINS FROM ITEM 3 WERE EXTRACTED, AMPLIFIED, AND TYPED USING THE PERKIN ELMER'S AMPLITYPE PM + DQA1 KIT AND THE AMPLIFLP D1S80 KIT.

ACID PHOSPHATASE AND SPERMATOZOA COULD NOT BE DETECTED ON THE VAGINAL SWAB IN ITEM 1C1.

ACID PHOSPHATASE COULD NOT BE DETECTED IN THE VAGINAL WASHINGS IN ITEM 1D1 OR IN THE VAGINAL POOL SAMPLE IN ITEM 1J.

NO STAINS WERE DETECTED USING THE POLILIGHT ON ITEMS 2, 3, AND 4.

BLOOD COULD NOT BE DETECTED ON ITEMS 6, 7, AND 8.

THE DNA FOUND IN THE BLOODSTAINS IN ITEM 3(T1) AND 3(T2) IS CONSISTENT WITH THE GENETIC MARKERS FOUND IN THE REFERENCE BLOOD FROM SHEILA GRANT.

| GENETIC MARKERS | ITEM 1A REFERENCE BLOOD FROM SHEILA GRANT | ITEM 5A REFERENCE BLOOD FROM ROY GREEN | ITEM 3(T1) BLOODSTAIN FROM ITEM 3 | ITEM 3(T2) BLOODSTAIN FROM ITEM 3 |
|---|---|---|---|---|
| LDLR | BB | BB | BB | BB |
| GYPA | AB | AB | AB | AB |
| HBGG | BC | BB | BC | BC |
| D7S8 | AB | AA | AB | AB |
| GC | BC | BB | BC | BC |
| DQA1 | 1.2,1.3 | 1.2,1.2 | 1.2,1.3 | 1.2,1.3 |
| D1S80 | 24,24 | 21,24 | 24,24 | |

_____
CERTIFYING OFFICIAL

Roy L. Green #238081 Ash B-1
Winn Correctional Center
P.O. Box 1260
Winnfield, LA 71483-1260

United States District Court
Western District of Louisiana
U.S. Courthouse
300 Fannin St. Suite 1167
Shreveport, Louisiana 71101-3083

US POSTAGE $01.34° MAY 08 2009 MAILED FROM ZIP CODE 71483